FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

AUG  2 2013

JAMES N. HATTEN, Clerk
By: Vicki Dougherty
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **DENNIS MARX, Pro Se, and** | * |
| **on behalf of the** | * |
| **CITIZENS OF FORSYTH COUNTY,** | * |
| **STATE OF GEORGIA and ALL** | * |
| **CITIZENS OF THE UNITED STATES** | * |
| **OF AMERICA** | * |
| Plaintiff(s), | * |
| | * |
| | * |
| **V.** | * |
| | * |
| | * |
| **FORSYTH COUNTY SHERIFF'S OFFICE,** | * |
| **SGT. ROBERT HEAGERTY, Badge #2381** | * |
| **OFFICER R.J. WIGGINS, Badge #2514** | * |
| **OFFICER N. SPRAGUE, Badge #2474** | * |
| **SGT. J.B. MOORE, Badge #2422** | * |
| **DEPUTY RICHARD THOMPSON, Badge #2491** | * |
| **DFC J. BELL, Badge #2561** | * |
| **DEPUTY J. WHITWORTH, Badge #2513** | * |
| **DEPUTY M. HESTER, Badge #2651** | * |
| **DEPUTY M. YOUNG, Badge #2711** | * |
| **DEPUTY G. CANNON, Badge #2677** | * |
| **DEPUTY S. MADDOX, Badge #2412** | * |
| **DEPUTY KEVIN PITTMAN, Badge #2662** | * |
| **SGT. M. MCCARRON, Badge #2416** | * |
| **INVESTIGATOR D. BLEISATH, Badge #2311** | * |
| **INVESTIGATOR T. HAWKINS, Badge #2380** | * |
| **INVESTIGATOR SCOTT BOGUS, Badge #2692** | * |
| **LT. AUGUSTO SESAM, Badge #2463** | * |
| **LT. TODD MALONEY, Badge #2413** | * |
| **SGT. GARY CLARK, Badge #2325** | * |
| **LT. SAM BOONE, Badge #2313** | * |
| **SGT. CHRISTOPHER SHELTON, Badge #2464** | * |
| **SGT. WILLIAM LORING, Badge #2410** | * |
| **LT. JODY CHAPMAN, Badge #2323** | * |
| **SGT. JEREMY COOK, Badge #2830** | * |
| **DETECTIVE THOMAS T. LITTLE Badge#2556** | * |
| **FORSYTH COUNTY S.W.A.T. TEAM,** | * |
| **FC SHERIFFS DUANE PIPER and** | * |
| **TED PAXTON and** | * |
| **FORSYTH COUNTY, ET. AL.** | * |
| **Defendants.** | * |

**CIVIL RIGHTS COMPLAINT**
42 U.S.C §1983
CIVIL NO.

2:13-CV- 175

## A. JURISDICTION
### 1. Jurisdiction is proper in this court according to:
### 42 U.S.C. §1983

**2.DENNIS MARX, PLAINTIFF**
**IS A CITIZEN OF THE STATE OF GEORGIA, COUNTY OF FORSYTH**

**PRESENT MAILING ADDRESS: 1405 LAKESIDE TRAIL, CUMMING,**
**GEORGIA 30041**

**3.FORSYTH COUNTY SHERIFF'S OFFICE and it's EMPLOYEES**
**ARE CITIZENS OF GEORGIA, COUNTY OF FORSYTH**
**AND ARE EMPLOYED AS OFFICERS AT THE FORSYTH COUNTY SHERIFF'S**
**OFFICE located at 475 TRIBBLE GAP ROAD, CUMMING, GEORGIA**
**Was the defendant acting under the authority or color of state law at the time these**
**claims occurred? YES**

## COMPLAINT

COMES NOW, **DENNIS MARX, Pro se, personally and on behalf of the**
**CITIZENS OF FORSYTH COUNTY, STATE OF GEORGIA and ALL**
**CITIZENS OF THE UNITED STATES OF AMERICA, Plaintiff(s) in the above-**
**styled action** and makes this Complaint against the above-named Defendants, including
but not limited to Sgt. Robert Heagerty, Detective Thomas T. Little, DFC. J. Bell, Jail
Personnel, Forsyth County S.W.A.T. Team, Forsyth County Sheriff's Office, 475 Tribble
Gap Road, Cumming, County of Forsyth, State of Georgia, ET. AL., both in their
capacity as official civil servants and individually showing the following:

## INTRODUCTION

THE FORSYTH COUNTY STATE OF GEORGIA SHERIFF'S OFFICE and S.W.A.T.

TEAM ET. AL. has engaged and continues to engage in unconstitutional and unlawful

activity that is the product of pervasive and longstanding institutional failures. These

unlawful practices include but are not limited to: 42 U.S.C. §1983

FCSO Officers Use of Excessive Force During Routine Police Activities in Violation of the

Fourth Amendment.

(1) The pattern or practice of illegal activity alleged in this Complaint is the product of
an ongoing failure by the Forsyth County Sheriff's Office (FCSO) to provide FCSO
officers with the necessary guidance, training, and tools to engage in constitutional
and effective law enforcement;

2

(2) a pattern or practice of using excessive force during routine police activities;

(3) a pattern or practice of relying on unreasonable force and "equipment malfunctions";

(4) a pattern or practice of conducting unlawful searches and seizures;

(5) a pattern or practice of violating Fourth and Fourteenth Amendments in the conduct of it's official public duties in direct violation of the Constitution of the United States of America and it's Citizens. 42 U.S.C. §1983

(6) This action is brought to enforce the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141.

(7) Plaintiff seeks declaratory and injunctive relief to remedy Defendant and Forsyth County Sheriff's Office ET. AL.'s on going and continuing violations of the law and to ensure that FCSO implements sustainable reforms establishing constitutional and effective policing practices.

(8) Plaintiff alleges the following:

I.   **DEFENDANTS**

(9) Defendant FCSO ET. AL. is a law enforcement agency and agent of the County of Forsyth within the State of Georgia, one of the United States of America. FCSO, in a public trust position, provides general policing and law enforcement throughout the County of Forsyth within the State of Georgia, United States of America.

II.   **JURISDICTION AND VENUE**

(10)      This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1345.

(11)      Plaintiff is authorized to initiate this suit under the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 ("§ 14141").

(12)      Declaratory and injunctive relief to restore the *status quo ante* is sought as authorized by 42 U.S.C. § 14141(b).

(13)      Venue is proper in the Northern District of the State of Georgia, City of Gainesville, State of Georgia, and United States of America pursuant to 28 U.S.C. § 1391. Defendants Forsyth County Sheriff's Office ET. AL. officially operate and reside in Forsyth County, State of Georgia and a substantial part of the events or omissions giving rise to this claim occurred in Forsyth County, State of Georgia.

## III. FACTUAL ALLEGATIONS

(14)     From at least 2000 to the present, FCSO officers have engaged in a pattern or practice of unconstitutional and illegal acts, including the use of excessive force during routine police activities, the use of excessive force in response to individuals engaged in protected speech acts, unlawful searches and seizures, and discriminatory policing. In direct violation of Human Rights, the conditions incarcerated inmates (which includes those Citizens who are **accused and still presumed innocent, under the guise of The Constitution of the United States**) are subjected to include but are not limited to: sewage backups extending across the floor for hours, sometimes days at a time, denial of medical care to the point where 'grievances' must be filed prior to even being allowed to seek medical care, lack of medical care 'due to budget deficits', Denial of a 'private area' to confer with counsel, etc.

(15)     The unlawful acts by FCSO officers constitute a pattern or practice of unconstitutional conduct that deprives the residents of Forsyth County , United States of America, of the rights, privileges, and immunities secured and protected by the Constitution and federal laws.

(16)     Defendants have failed to correct the immediate causes and contributing factors of unlawful activity by FCSO officers. Defendants do not currently provide FCSO officers with sufficient or appropriate policy guidance or training as it relates to the use of force, detention, searches and seizures, and bias-free policing. As such, FCSO's unlawful activity is not isolated to a particular unit or rank of FCSO officers. FCSO supervisors are often enablers or direct participants in the unconstitutional acts described throughout this Complaint.

(17)     Defendants have also failed to create a system to adequately determine whether FCSO officers are engaged in improper and unlawful misconduct. Defendants routinely fail to investigate allegations of unlawful conduct by FCSO officers in an effective or timely manner, fail to hold officers accountable for uses of excessive force or unlawful searches and seizures, and fail to hold supervisors accountable for inadequate supervision or deficient investigations.

Defendants' failures have contributed to FCSO's inability to ensure that the constitutional and federal rights of Forsyth County residents are protected.

## A. Defendant FCSO ET. AL. Is Engaged in a Pattern or Practice of Excessive Force in Violation of the Constitution and Federal Law.

(18)     FCSO officers routinely use force when no force or lesser force is appropriate. The use of excessive force occurs during routine policing activities and specialized operations.

(19)     The use of excessive force by FCSO officers includes force which takes various forms, including: deliberately 'dropping' equipment-i.e. tasers, etc. and yelling "GUN GUN" intended to frighten accused parties into submission, striking physical blows to knock plaintiff down when plaintiff/accused is standing with his 'hands up' as instructed, and jabbing with boots and knees into the back, deploying

chemical agents giving the impression that an explosion of some sort has occurred and plaintiff's home is on fire, discharging electronic control weapons ("ECWs"), and employing injurious tactics including the use of extra sets of handcuffs applied and locked so tightly as to cut off circulation to plaintiff's hands but none of the officers present even carried a "handcuff key" so as to properly loosen said restraints.

(20)     Defendants have failed to institute policies, training, and procedures to prevent the use of excessive force by FCSO officers. Defendants have also failed to adequately supervise and, when necessary, discipline FCSO officers who have engaged in the excessive use of force, causing intentional harm, and the complete and utter destruction of citizens' lives, with intent and a complete and reckless disregard of the rights of others, under The Constitution of the United States of America.

(21)     FCSO officers frequently use excessive force during routine police actions, including traffic enforcement, home searches, and interactions with community members. FCSO also uses excessive force during the arrest or detention of passive individuals and in response to perceived insults.

B. FCSO Is Engaged in a Pattern or Practice of Conduct That Results in Unjustified Searches and Seizures in Violation of the Constitution and Federal Law.

(22)     FCSO officers also routinely execute search warrants even when knowing that pertinent information on the warrant, such as the address and identity of the individual, is incorrect. FCSO also utilizes questionable CI (Confidential Informants) who are already criminals within the justice system, and said CI's continue to engage in criminal activities during and after said CI criminal investigation, often resulting in the CI's incarceration. In the course of searches, FCSO officers have failed to maintain the proper 'Chain of Custody' of 'Evidence', failed to keep a proper and accurate inventory of 'seized property' and also planted evidence to justify false arrests.

(23)     Unconstitutional searches and seizures by FCSO officers are routine.

**D. Defendants Have Failed To Correct the Causes and Contributing Factors of Unconstitutional Acts by FCSO Officers.**

(24)     The unlawful behavior of FCSO officers is the result of Defendants' failure to provide FCSO officers with the basic understanding and tools they need to safeguard the rights of the people they serve.

(25)     Defendants have failed to create adequate accountability systems and disciplinary procedures to identify and address misconduct by FCSO officers.

Evidence that further evinces a failure by FCSO to properly select, hire, train, supervise, investigate, and discipline FCSO officers. Defendants have tolerated and facilitated the misconduct of individual officers, described in paragraphs 14-25 above, through their acts or omissions. These acts or omissions include, but are not limited to:

a.  failing to implement policies that appropriately guide the actions of individual officers;
b.  failing to train FCSO officers adequately to prevent the occurrence of misconduct;
c.  failing to supervise FCSO officers adequately to prevent the occurrence of misconduct;
d.  failing to adequately monitor FCSO officers who engage in or who may be likely to engage in misconduct;
e.  failing to establish a procedure whereby citizen complaints are adequately investigated;
f.  failing to investigate adequately incidents in which a police officer uses lethal or less lethal force;
g.  failing to thoroughly and timely investigate or resolve civilian complaints;
h.  failing to discipline adequately FCSO officers who engage in misconduct; and
i.  failing to collect and analyze relevant data to ensure that FCSO officers treat all Forsyth County and United States of America residents equally, without regard to race, color, sex, or national origin.

(26)    The institutional failures described above serve as the foundation for the unconstitutional and unlawful behavior described throughout this Complaint.

**IV. CLAIMS FOR RELIEF FIRST CLAIM FOR RELIEF: DEFENDANTS' CONDUCT VIOLATES THE FOURTH AMENDMENT AND § 14141**

# FIRST CLAIM FOR RELIEF
## (Unconstitutional Search and Seizure)
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution Brought Under 42 U.S.C. § 1983 (by all Plaintiffs against all Defendants)

(27)    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-26 above.

(28)    Defendants and their agents, including FCSO officers, engage in law enforcement practices that result in the unlawful use of excessive force against persons in Forsyth County, which constitutes the intentional infliction of emotional and physical stress.

(29)    Defendants, their agents, and persons acting on their behalf, including FCSO officers, engage in law enforcement practices that result in unlawful stops, searches, and seizures of persons and property in Forsyth County, State of Georgia, without adequate justification, but choose to 'opt out' of certain state and federal programs so as to avoid **"Full Disclosure"** to it's citizens. **Full Disclosure should be mandatory,** no matter the circumstances.

(30)    Defendants' actions constitute a pattern or practice of conduct by law enforcement officers that deprives citizens of their rights under the Fourth Amendment, in violation of § 14141.

**SECOND CLAIM FOR RELIEF: DEFENDANTS' CONDUCT VIOLATES THE
FOURTEENTH AMENDMENT AND § 14141**
**EXCESSIVE USE OF FORCE**

## Violation of the Fourth and Fourteenth Amendments to the United States Constitution Brought Under 42 U.S.C. § 1983
## (by all Plaintiffs against all Defendants)

(31)    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-30 above.

(32)    Title 42 of the United States Code makes it unlawful for law enforcement officers acting under state authority to deprive anyone of his/her constitutional rights.

(33)    Declaratory and injunctive relief is sought as authorized by 42 U.S.C. § 14141(b) along with special damages for extensive property damage, general damages for pain and suffering, etc., exemplary damages and consequential damages.

## V. PRAYER FOR RELIEF

(34)    The Plaintiff(s), as citizens of the United States and on behalf of all citizens of the United States, are authorized under § 14141 to seek declaratory and equitable relief to eliminate a pattern or practice of official law enforcement officer conduct that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

WHEREFORE, the Plaintiff(s) pray that the Court:

a. Declare that Defendants have engaged in a pattern or practice of conduct by FCSO officers that deprives persons of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States, in violation of § 14141;

b. Order Defendants, their officers, agents, and employees to refrain from engaging in any of the predicate acts forming the basis of the pattern or practice of conduct described herein;

c. Order Defendants, their officers, agents, and employees to adopt and implement policies and procedures in the areas of recruitment, hiring, promotions, policies, training, supervision, investigations, discipline, and oversight to remedy the pattern or practice of conduct described herein, and to prevent FCSO officers from depriving persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States;

d. Order Defendants, their officers, agents, and employees to refrain from any type of harassment and/or retaliation against Plaintiff(s) as a result of the filing of this Complaint.

e. Order Defendants to pay restitution for all property damages as a direct result of their combined actions.

f. Order Defendants to pay restitution for their 'intentional infliction of emotional distress'.

g. Order Defendants to pay 'punitive damages' as warranted by their unlawful actions in the intentional destruction of Plaintiff's Family Unit.

h. Order Defendants to pay damages for the deliberate and irreparable destruction of Plaintiff's reputation.

i. Order Defendants to remove all charges brought against Plaintiff from Plaintiff's criminal record; i.e. expunge all references to this incident.

j. Order such other appropriate relief as the interests of justice may require.

To date, Plaintiff(s) are not aware of any case that has successfully addressed and remedied this on-going situation within the jurisdiction of Forsyth County, State of Georgia, U.S.. As of January 1, 2013, the State of Georgia has officially adopted the Federal Rules of Criminal and Civil Procedure. Therefore, it is past time that Defendant Forsyth County via the FCSO be forced to operate accordingly, instead of acting under the guise of (sovereign) immunity so as to remain unaccountable and 'autonomous' toward **'WE THE PEOPLE'**. As a matter of record, part of the ORDER ON DEFENDANT'S MOTION TO SUPPRESS, the presiding Judge stated: "The fact that the Defendant believes that excessive police force was used against him by the officers upon their entry into the home may be grounds for a civil suit but such argument is not persuasive in this criminal context **and does warrant the suppression of evidence**". The Defendant's *Motion to Suppress* is **DENIED** as to this claim as well." As a Pro Se Plaintiff(s), I am hereby requesting any and all latitude in these matters that is afforded any Pro Se litigant.

PLAINTIFF PRO SE has NOT previously sought relief relating to this Complaint as Plaintiff was only recently informed of his right to file a Complaint to seek relief and the time constraints to file this Complaint timely have almost expired.

## F. REQUEST FOR RELIEF

**PLAINTIFF(S) HEREBY RESERVE THE RIGHT TO AMEND THIS COMPLAINT AS ADDITIONAL INFORMATION IS DERIVED VIA DISCOVERY AND TO SUBMIT AFFIDAVITS, STATEMENTS, ETC. IN CONJUNCTION WITH THIS CASE.**

Respectfully submitted this ⟍ day of August, 2013,

**DECLARATION UNDER PENALTY OF PERJURY**
The undersigned declares under penalty of perjury that he is the plaintiff in the above-styled action, that he has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed in Forsyth County Georgia on August __2013.

Signature: _____

**TABLE OF AUTHORITIES**
Cases

Section 1983 provides; Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. "In order to prevail in a civil rights action under section 1983, 'a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and

(2) that the act or omission was done by a person acting under color of law.'"

Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993)

Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141.

Excessive Use of Force:

Graham v. Conner, 490 U.S. 386, 395 (1989).

To determine whether a use of force exceeds constitutional thresholds, the Supreme Court has stated that the question is one of reasonableness.

Graham v. Conner, 490 U.S. 386, 395 (1989).

That inquiry requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (internal quotations omitted). And while the Supreme Court has recognized that an investigatory stop requires "the right to use some degree of physical coercion or threat thereof to effect it," proper application of the Fourth Amendment **requires the district court to turn its "careful attention to the facts and circumstances of each particular case, including the severity of the crime at**

9

**issue, whether the suspect poses an immediate threat of safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."** Id. Further, this Circuit also considers a "myriad" of other factors outside of the Graham test in determining reasonableness, including

"(1) the need for the application of the force,

(2) the relationship between the need and the amount of force used,

(3) the extent of the injury inflicted and,

(4) whether the force was applied in good faith or maliciously and sadistically."

Moore v. Gwinnett Cnty., 967 F.2d 1495, 1498 (11th Cir. 1992)

Leslie v. Ingram, 786 F.2d 1533, 1536 (11th Cir. 1986)


Long v. Slaton, 508 F.3d 576, 580 (11th Cir. 2007) (quoting Graham, 109 S. Ct. 1872).

"[T]he question then is whether, given the circumstances, [Ayers] would have appeared to reasonable police officers to have been gravely dangerous." Id. at 581.

Persuasive Authority from Sister Jurisdictions:

Intentional Infliction of Emotional Distress:
Plaintiff(s) allege intentional infliction of emotional distress by Heagerty, Wiggins and Little. Under Illinois law, plaintiffs must show that: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants intended to inflict severe emotional distress or knew there was a high probability that the conduct would cause such distress; and (3) the conduct did, in fact, cause severe emotional distress." Treece v. Village of Naperville, 903 F. Supp. 1251, 1259 (N.D. Ill. 1995) (citing Doe v. Calumet City, 641 N.E.2d 498, 506 (Ill. 1994) (abrogated on other grounds)). There is "no liability for [IIED] for mere insults, indignities, threats, annoyances, petty oppressions or trivialities." McGrath v. Fahey, 126 Ill.2d 78, 86 (1988).

"Public officials are shielded under qualified immunity so far as "their
conduct does not violate clearly established statutory or constitutional rights
of which a reasonable person would have known."
Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
Qualified immunity is a question of law for the court. Post v. City of Ft.
Lauderdale,
7 F.3d 1552, 1557 (11th Cir. 1993).


Plaintiff relies on the seminal decision Tennessee v. Garner, 471 U.S. 1
(1985) to establish that Ayers' constitutional rights were knowingly violated.
In Garner, the Supreme Court held:
**The use of deadly force to prevent the escape of all felony
suspects, whatever the circumstances, is constitutionally
unreasonable. It is not better that all felony suspects die than that
they escape. Where the suspect poses no immediate threat to the
officer and no threat to others, the harm resulting from failing to
apprehend him does not justify the use of deadly force to do so.** It
is no doubt unfortunate when a suspect who is in sight escapes, but
the fact that the police arrive a little late or are a little slower afoot
does not always justify killing the suspect. A police officer may
not seize an unarmed, nondangerous suspect by shooting him dead.
The Tennessee statute is unconstitutional insofar as it authorizes
the use of deadly force against such fleeing suspects.


Plaintiff(s) cite the following case as an example of the ongoing use of
Defendants positions and powers to 'surveil, harass and intimidate'
Plaintiffs.

**Date:** 05-05-2007 **Case Style:** Danny Bennett and Danny Reid v. Dennis Lee
Hendrix **Case Number:** 1:00-cv-02520-TWT