IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DENNIS MARX, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:13-CV-175-RWS |
| FORSYTH COUNTY SHERIFF'S : | |
| OFFICE, et al., : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Plaintiff, acting pro se, filed this action on August 2, 2013. The case is now before the Court on a frivolity determination. Having carefully considered the record, the Court enters the following Order.

## Background

Plaintiff's Amended Complaint [4][1] asserts numerous constitutional claims pursuant to 42 U.S.C. § 1983 against many Defendants in both their individual and official capacities, including the Forsyth County Sheriff's Office ("FCSO") and multiple FCSO officers. The allegations generally pertain to

---

[1] The Court notes that Plaintiff has submitted documentation in support of his Amended Complaint. (See Dkt. [5].) On a frivolity determination, however, the Court considers only the face of the complaint. See Neitzke v. Williams, 490 U.S. 319, 327 (1989).

patterns and practices of the FCSO that have resulted in Defendants' use of excessive force and in unconstitutional searches and seizures.  (See, e.g., Am. Compl., Dkt. [4] ¶ 18-23.)

## Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

AO 72A
(Rev.8/82)

Because Plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

Given the current state of Plaintiff's Amended Complaint, the Court is unable to conduct a frivolity review at this time. Plaintiff's Amended Complaint is deficient in several respects. Plaintiff alleges many unconstitutional policies and practices resulting from Defendants' failure to train and supervise without pointing to particular instances of either. For example, Plaintiff sweepingly alleges that "FCSO officers also routinely execute search warrants even when knowing that pertinent information on the warrant, such as the address and identity of the individual, is incorrect." (Dkt. [4] ¶ 22.) Yet he does not allege a specific example to support this claim or any of his other claims. Furthermore, it is unclear from the face of the Amended Complaint whether the alleged wrongful acts were committed against Plaintiff personally, or if some acts were committed against other individuals. Finally,

3

AO 72A
(Rev.8/82)

Plaintiff sets forth a long list of Defendants but does not tie specific Defendants to specific asserted claims. As such, Plaintiff has failed to comply with federal pleading standards.

In addition to his Section 1983 claims, Plaintiff also asserts a claim under 42 U.S.C. § 14141. (Dkt. [4] ¶ 11.) This provision, though, authorizes the Attorney General of the United States to "obtain appropriate equitable and declaratory relief to eliminate [unlawful patterns or practices by law enforcement officers.]" 42 U.S.C. § 14141(b). Because Section 14141 did not create an individual cause of action, Plaintiff has no cause of action under this statute.

## Conclusion

In accordance with the foregoing, Plaintiff is **ORDERED** to file a Second Amended Complaint that incorporates all the causes of action against all the Defendants that Plaintiff wishes to pursue at this time within thirty days of the date of this Order. The Court will then review the Second Amended Complaint for frivolity and determine at that time which claims shall proceed. Plaintiff is **ORDERED** to comply with federal pleading standards in his Second

AO 72A
(Rev.8/82)

Amended Complaint.  Failure to do so will result in dismissal of this action pursuant to Local Rule 15.6 for failure to obey a court order.

**SO ORDERED**, this   20th   day of September, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)