IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| DENNIS MARX on behalf of the Citizens of Forsyth County, State of Georgia and all Citizens of the United States of America, | : : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 2:13-CV-0175-RWS |
| v. | : : | |
| FORSYTH COUNTY SHERIFF'S OFFICE, *et al.*, | : : : | |
| Defendants. | : | |

### DEFENDANT SHERIFF DUANE PIPER'S MOTION TO STAY CIVIL ACTION

COMES NOW Defendant Sheriff Duane Piper, in his individual capacity only, and files this Motion to Stay Civil Action, showing the Court as follows:[1]

### I.   INTRODUCTION

Plaintiff brings this § 1983 action based upon allegations that are inextricably intertwined to the facts giving rise to his criminal prosecution in Forsyth County Superior Court. Since that criminal prosecution remains ongoing,

---

[1] Pursuant to the Court's recent Orders, Defendant Sheriff Duane Piper, in his individual capacity, has waived service of process. (Doc. 15; Doc. 17.) Defendant Piper, however, is the only Defendant before the Court at this time.

1

Defendant Piper brings this motion requesting that the civil action be stayed until the criminal case has concluded.[2]

## II.     ARGUMENT AND CITATION OF AUTHORITY

Pursuant to Younger v. Harris, federal courts should abstain from adjudicating a litigant's civil claims when proceeding on those claims would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. 401 U.S. 37, 43-44, 53 (1971); see Heck v. Humphrey, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.") The Eleventh Circuit has signaled approval in applying Younger abstention to § 1983 actions for money damages. See, e.g., Doby v. Strength, 758 F.2d 1405 (11th Cir. 1985) (abstention pursuant to Younger where plaintiff raised Fourth Amendment § 1983 damages claims related to state criminal proceedings under review in Georgia Court of Appeals).

In determining whether Younger abstention is appropriate, a court considers the following: (1) do the proceedings constitute an ongoing state judicial

---

[2] A certified copy of the record for State of Georgia v. Marx, Case No. 12CR-0218, is attached hereto as Exhibit "1."

proceeding, (2) do the proceedings implicate important state interests, and (3) is there an adequate opportunity in the state proceedings to raise constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). If all three elements are satisfied, the court should abstain pursuant to Younger unless the plaintiff makes a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Id. at 435; see Delgiudice v. Evans, 2013 WL 1296378 (M.D. Ga. 2013) (analyzing Middlesex elements and applying Younger abstention to stay § 1983 damages action pending the plaintiff's ongoing criminal proceedings).

On April 9, 2012, Plaintiff was indicted in the Superior Court of Forsyth County, Georgia, on six counts of drug-related charges. See (Ex. 1.) Plaintiff subsequently (August 2, 2013) filed the instant action pursuant to 42 U.S.C. § 1983. See (Doc. 1.) The various iterations of Plaintiff's lawsuit are confusing, but it appears that his present civil action is predicated upon allegations related to his criminal case. The Plaintiff appears to allege various members of the Forsyth County Sheriff's Office violated his constitutional rights in connection with the search of his home, handling of evidence, and manner of his arrest in that criminal case. See (Doc. 8.) Consequently, all three of the Middlesex elements are satisfied. First, the State of Georgia has initiated criminal proceedings against

Plaintiff, which proceedings remain ongoing.  See (Ex. 1.)  Second, "those proceedings naturally implicate important state interests as they are criminal proceedings."  Delgiudice, 2013 WL 1296378, at *3.  Third, because Plaintiff is free to allege the same constitutional violations at issue here in his state criminal proceedings, he cannot demonstrate the lack of an adequate remedy at law.  See Boyd v. Boatright, 2011 WL 2535318, *1 (S.D. Ga. 2011) (concluding that plaintiff should raise his constitutional claims before the state court).

Indeed, the Boyd case cited above is remarkably similar to the present action.  Boyd alleged that the defendants in that case had unlawfully entered and searched his home and person, had unlawfully arrested him, and had used excessive force in making the arrest.  Id.  In analyzing Boyd's allegations in the context of Younger, the court concluded that Boyd "should raise his contentions before the state courts, which are perfectly capable of determining whether his federal rights have been violated."  Id. (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) for the proposition that "State courts, like federal courts, are obliged to enforce federal law.").  Moreover, the Boyd court concluded:

> Since [the plaintiff's] complaint calls into question the legitimacy of his arrest and the simultaneous search of his person and home by state agents, the very searches that gave rise to evidence underlying his pending state court criminal proceedings, any decision by this Court could substantially interfere with, and potentially

4

> undermine, the results reached in the state court proceeding. In such cases, it is the common practice of federal courts to stay the federal proceeding until the criminal case has ended.

Id. at *2 (internal punctuation and citation omitted). Thus, the court in Boyd stayed the case pending completion of Boyd's ongoing criminal proceedings. Id.

As was the case in Boyd, the very search, arrest, and evidence gathering at issue in this case gave rise to Plaintiff's pending criminal charges. Thus, any ruling in this case as to the constitutionality of the search, arrest, or gathering of evidence could substantially interfere with the results reached in the criminal proceedings against Plaintiff in state court. See 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether Younger abstention is appropriate). Indeed, it is quite possible that it is the *pro se* Plaintiff's intention to use the present civil action to influence the outcome of his criminal case.

Moreover, while Plaintiff's complaint may assert violations of his constitutional rights, Plaintiff's allegations provide no indication of bad faith, harassment, or other extraordinary circumstance that would render abstention inappropriate. See Middlesex, 457 U.S. at 435; Younger, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to

5

defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.")

### III.  CONCLUSION

For the foregoing reasons, Defendant Piper respectfully requests that the Court stay the instant § 1983 action pending the final outcome of Plaintiff's criminal proceedings.  As a practical matter, Defendant Piper respectfully suggests the most efficient means for handling the stay will be to administratively close the case and require Plaintiff, at the appropriate time, to file a motion with the Court requesting to lift the stay and informing the Court of the final outcome of his criminal case.  For the Court's convenience, a proposed order is submitted with this motion.

Respectfully submitted, this 7th day of February, 2014.

**JARRARD & DAVIS, LLP**

 /s/ *Sean P. Kane*
Ken E. Jarrard
Georgia Bar No. 389550
Sean P. Kane
Georgia Bar No. 817817
Sarah VanVolkenburgh
Georgia Bar No. 481771

Attorneys for Defendant
Sheriff Duane Piper

105 Pilgrim Village Drive
Suite 200
Cumming, Georgia  30040
(678) 455-7150  (telephone)
(678) 455-7149 (facsimile)

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I certify that the foregoing motion has been prepared in accordance with Local Rule 5.1(B) and is in a 14 point Times New Roman font.

This 7th day of February, 2014.

**JARRARD & DAVIS, LLP**


 /s/ *Sean P. Kane*
Sean P. Kane
Georgia Bar No. 817817

Attorney for Defendant
Sheriff Duane Piper

105 Pilgrim Village Drive
Suite 200
Cumming, Georgia  30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)

## **CERTIFICATE OF SERVICE**

I certify that on this date I served a copy of the foregoing DEFENDANT SHERIFF DUANE PIPER'S MOTION TO STAY CIVIL ACTION via United States mail to:

Dennis Marx
1405 Lakeside Trail
Cumming, Georgia 30041

*Pro se*

This 7th day of February, 2014.

**JARRARD & DAVIS, LLP**


/s/ *Sean P. Kane*
Sean P. Kane
Georgia Bar No. 817817

Attorney for Defendant
Sheriff Duane Piper

105 Pilgrim Village Drive
Suite 200
Cumming, Georgia  30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)