# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| DENNIS MARX, | : | |
| on behalf of the Citizens of Forsyth | : | |
| County, State of Georgia and all | : | |
| Citizens of the United States of | : | |
| America, | : | CIVIL ACTION NO. |
| | : | 2:13-CV-0175-RWS |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FORSYTH COUNTY SHERIFF'S | : | |
| OFFICE, *et al.* | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case is before the Court for consideration of Plaintiff's Motion to Preserve Evidence [12]; Defendant Piper's Motion to Stay Civil Action [20]; Plaintiff's Motion for Order [31]; Plaintiff's Motion for Protective Order [33]; Plaintiff's Urgent Motion to Disclose Pertinent Information Pertaining to Defendant's Motion to Stay [34]; and Plaintiff's Motion for Leave to Amend Complaint [39]. After reviewing the record, the Court enters the following Order.

Plaintiff brought this action asserting claims pursuant to 42 U.S.C. § 1983 and provisions under the Georgia Constitution and state law. The claims

AO 72A
(Rev.8/82)

arise out of events that occurred during the execution of a search warrant and two arrest warrants against Plaintiff. The execution of those warrants are connected to a criminal prosecution that remains ongoing in Forsyth County Superior Court. Defendant Piper has moved the Court to stay the present proceeding pursuant to Younger v. Harris, 401 U.S. 37 (1971), because this action would interfere with the pending state criminal proceedings. The Court finds that the allegations in this civil action are inextricably intertwined with the pending criminal proceeding and therefore finds that a stay of this civil action is appropriate. Therefore, Defendant Piper's Motion to Stay Civil Action [20] is hereby **GRANTED**. No further proceedings shall occur in connection with this case except as set forth below.

Plaintiff has filed a Motion Requesting an Order Allowing Plaintiff to Serve Summons Out of Time [31]. In his Motion, Plaintiff states that he sent requests for waiver of service to individual Defendants but only received a response from Defendant Piper. Therefore, he requests that he be permitted to proceed with the service of summons and the Complaint on the remaining Defendants. Defendant Piper filed a Response [35] opposing the Motion and asserting that Plaintiff had failed to show good cause for failing to serve

AO 72A
(Rev.8/82)

Defendants within the time allowed by Federal Rule of Civil Procedure 4(m). While the Court notes that the time for service set out in Rule 4(m) has expired, the Court believes that the delay is properly attributable to the Court's mistaken suggestion that Plaintiff's Complaint was subject to a frivolity review. (Sept. 20, 2013 Order [6] at 4). Therefore, the Court will permit Plaintiff to proceed with service on the remaining Defendants. He shall proceed with service instanter. However, these Defendants are not required to file responsive pleadings until the stay has been lifted.

Plaintiff has also filed a Motion for Leave to Amend the Second Amended Complaint [39]. In light of the stay, that Motion is **DENIED**, with the right to refile when the stay is lifted.

Plaintiff also filed a Motion to Preserve Evidence [12] requesting that the Court order Defendants to preserve various items of evidence. Defendant Piper filed a Response [13] to the Motion requesting that he be given an opportunity to respond after the Court ruled on his Motion for Clarification [10]. The Court ruled on that motion in an Order [15] issued January 15, 2014. The Court has considered Plaintiff's Motion and, without addressing the specific items enumerated in the Motion, grants the Motion such that all parties, now being on

3

notice of the litigation, are required to preserve any evidence that may be relevant to this litigation. See Walker v. United States, Internal Revenue Service, Case No. 4:07-CV-102-HLM, 2009 WL 1241929 at *1 (N.D. Ga. Feb. 26, 2009) ("the obligation to preserve evidence arises when the party receives notice that the evidence is relevant to litigation").

Plaintiff's remaining motions, the Motion for Protective Order [33] and the Urgent Motion to Disclose Pertinent Information [34] are **DENIED**, with the right to refile upon lifting of the stay.

**SO ORDERED**, this  23rd  day of April, 2014.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)