**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| DENNIS MARX on behalf of the Citizens of Forsyth County, State of Georgia and all Citizens of the United States of America, | : : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 2:13-CV-0175-RWS |
| v. | : : | |
| FORSYTH COUNTY SHERIFF'S OFFICE, *et al.*, | : : : | |
| Defendants. | : | |

**DEFENDANT SHERIFF DUANE PIPER'S RESPONSE TO MOTION TO INTERVENE AS PLAINTIFFS WITH NEWLY DISCOVERED EVIDENCE
(in re Doc. 57)**

COMES NOW Defendant Sheriff Duane Piper, [1] in his individual capacity only, and files his Response To Motion To Intervene As Plaintiffs With Newly Discovered Evidence (in re Doc. 57), hereby asking the Court to deny the Motion and sanction the Intervenors for the following reasons:

---

[1] Pursuant to the Court's Orders of January 1, 2014 and January 21, 2014, Defendant Sheriff Duane Piper, in his individual capacity, has waived service of process. (Doc. 15; Doc. 17.) Defendant Piper is the only Defendant before the Court in view of the Court's Order of April 24, 2014, which stayed the case and provided that any Defendants served after the stay would not be required to file responsive pleadings until such time as the stay is lifted. (See Doc. 43; 43 at 3.)

1

## I.     INTRODUCTION

Defendant Piper asks the Court to deny the Motion To Intervene and sanction the Intervenors for the following reasons.  First, the Motion fails to meet any of the requirements for intervention as of right under Fed. R. Civ. P. 24(a).  Second, the Motion fails to meet any of the requirements for permissive intervention under Fed. R. Civ. P. 24(b).  Third, the Motion fails to meet any of the notice and pleading requirements of Fed. R. Civ. P. 24(c).  Finally, the Motion constitutes a veiled if not express threat and a gross abuse of the judicial process.

## II.    FACTUAL AND PROCEDURAL HISTORY

Upon information and belief, Plaintiff Dennis Marx passed away on June 6, 2014, while domiciled in Forsyth County, Georgia.  On June 12, 2014, "J.A. Denison, Executor on behalf of Dennis Marx," filed a Notification Of Untimely Death Of Plaintiff and a Request To Allow Plaintiff's Estate To Go Forward With This Instant Complaint.  (Doc. 54 at 1.)  J.A. Denison ("Denison") is not a party to this action—nor does she provide a bar number or otherwise indicate that she is an attorney—but claims to be "Plaintiff *Pro se's* Executor of Estate."  (Doc. 54 at 1; see also, e.g., Doc. 1; Doc. 4; Doc. 5; Doc. 8.)  Denison, however, provided no letters testamentary or other evidence that she has been duly appointed as Plaintiff's executor.  (Doc. 54.)  Additionally, this office's research indicates that

2

Dennis Marx did not have an estate action pending in Forsyth County as of June 13, 2014. (Doc. 56-1 at 1-2; Doc. 56).

On June 18, 2014, Defendant Piper filed a Response And Objection To Notification Of Untimely Death Of Plaintiff And Request To Allow Plaintiff's Estate To Go Forward With This Instant Complaint, showing that Court that Denison is neither a party to this action nor an attorney retained by a duly appointed personal representative of Plaintiff's estate, and thus any documents filed by Denison are without legal effect. (Doc. 56; Doc. 56-1.) On this basis, Defendant Piper asked the Court to (1) strike the Notification Of Untimely Death Of Plaintiff; and (2) strike or deny the Request To Allow Plaintiff's Estate To Go Forward With This Instant Complaint. On the same day, June 18, 2014, persons identifying themselves as Jimmy James Thule, Jonathan Rich, Edward Breivik, Aaron Tsarnaev, Jared Lanza, and Charles Loughner filed a Motion To Intervene As Plaintiffs With Newly Discovered Evidence. (Doc. 57.) Defendant Piper will demonstrate below that the Motion To Intervene does not meet any of the requirements of Rule 24 of the Federal Rules of Civil Procedure, and therefore the Motion should be denied.

Before doing so, however, it is worth noting that at least four of the Intervenors share a last name with a suspected mass murderer in a highly

publicized case. For example, Intervenor "Edward Breivik" shares the last name of Anders Behring Breivik, a man suspected of killing eight people by bombing government buildings in Oslo, Norway, then killing an additional sixty-nine people in a mass shooting at a Workers' Youth League (AUF) camp on the island of Utøya. Intervenor "Aaron Tsarnaev" shares the last name of Tamerlan and Dzhokhar Tsarnaev, two brothers suspected of perpetrating the Boston Marathon bombings on April 15, 2013. Intervenor "Jared Lanza" shares a last name with Adam Lanza, a man who is accused of perpetrating the Sandy Hook Elementary School shooting in Newtown, Connecticut, on December 14, 2012. And Intervenor "Charles Loughner" shares the last name of Jared Lee Loughner, a man accused of shooting multiple people—including U.S. Representative Gabrielle Giffords and Chief U.S. District Court Judge John Roll—near Tucson, Arizona on January 8, 2011. While Defendant Piper is unable to confirm or deny the true identity of the Intervenors, the seeming correlation between their last names and those of multiple suspected mass murders is troubling in light of the alleged final acts of Plaintiff Dennis Marx as reported by numerous news outlets.

Finally, upon information and belief, it appears that two of the remaining Intervenors, Christopher Donnelly and Jonathan Rich, give addresses at State Correctional Institution ("SCI") Benner Township in Bellefonte, Pennsylvania.

The name "Jonathan Rich," moreover, bears a striking resemblance to Jonathan Lee Riches, a/k/a Irving Picard—a man who, according to published media reports, may be a current or former prisoner suspected of intervening in other lawsuits. Thus, as further explained below, Defendant Piper asks the Court to deny the Motion To Intervene and sanction the Intervenors.

### III.     ARGUMENT AND CITATION OF AUTHORITY

**A.     THE MOTION TO INTERVENE SHOULD BE DENIED BECAUSE IT FAILS TO ALLEGE ANY OF THE GROUNDS NECESSARY FOR INTERVENTION AS OF RIGHT UNDER FED. R. CIV. P. 24(a).**

The Motion To Intervene should be denied because it fails to allege any of the statutory grounds for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure, which provides as follows:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Here, the Intervenors have not alleged that any federal statute grants them an unconditional right to intervene, nor have they claimed an interest relating to any

5

property or transaction that is the subject of Plaintiff's action in the instant matter. (See Doc. 57.)  Instead, they have only alleged the existence of "Newly discovered Evidence" and "Questions of laws and Facts that are common in this Action to Support Dennis Marx's claims."  (Doc. 57 at 1.)  Intervenors have also failed to provide any factual detail describing the alleged evidence, questions of law, or facts that might have supported their Motion To Intervene.  Thus, Intervenors failed to allege any of the statutory grounds for intervention as of right under Fed. R. Civ. P. 24(a), and their Motion should be denied.

**B.     THE MOTION TO INTERVENE SHOULD BE DENIED BECAUSE IT FAILS TO ALLEGE ANY OF THE GROUNDS NECESSARY FOR PERMISSIVE INTERVENTION UNDER FED. R. CIV. P. 24(b).**

The Motion To Intervene should be denied because it fails to allege any of the statutory grounds for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.  For example, Rule 24(b)(1) provides as follows:

> **(b) Permissive Intervention.**
>
> > **(1) *In General.*** On timely motion, the court may permit anyone to intervene who:
> >
> > > **(A)** is given a conditional right to intervene by a federal statute; or
> > >
> > > **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1).  Here again, Intervenors have not alleged that any federal statute grants them a conditional right to intervene, nor have they alleged that their own claims or defenses share a common question of law or fact with Plaintiff's main action as required by Rule 24(b)(1).  (See Doc. 57.)  Instead, they have only alleged the existence of "Newly discovered Evidence" and "Questions of laws and Facts that are common in this Action <u>to Support Dennis Marx's claims</u>."  (Doc. 57 at 1) (emphasis added.)  The purpose of intervention, however, is not to add parties to support the plaintiff's claims in the main action; the purpose is to allow parties to intervene to protect their own interests and claims.  Additionally, as already shown above, Intervenors provided no substantive factual detail describing any alleged evidence, questions of law, or facts that might have supported their Motion To Intervene, nor is it at all clear who the Intervenors actually are.  Finally, Intervenors do not allege that they are government officers or a government agency, and thus they cannot intervene under Fed. R. Civ. P. 24(b)(2).  Thus, Intervenors failed to allege the grounds necessary for permissive intervention under Fed. R. Civ. P. 24(b), and their Motion should be denied.

C. **THE MOTION TO INTERVENE SHOULD BE DENIED BECAUSE IT FAILS TO MEET THE NOTICE AND PLEADING REQUIREMENT OF RULE 24(c).**

The Motion To Intervene should be denied because it fails to meet any of the notice and pleading requirements of Rule 24(c) of the Federal Rules of Civil

Procedure. Under that rule, a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Id. Here, however, Intervenors simply attempted to recite language from Rule 24 without providing any concrete factual detail; and, more importantly, they failed to accompany their Motion To Intervene with a pleading that sets out the claim or defense for which intervention is sought as required by Rule 24(c). Accordingly, the Motion To Intervene should be denied because it fails to meet any of the notice and pleading requirements of Rule 24(c) of the Federal Rules of Civil Procedure.

**D. THE MOTION TO INTERVENE SHOULD BE DENIED AND INTERVENORS SHOULD BE SANCTIONED BECAUSE THE MOTION CONSTITUTES A VEILED THREAT AND A GROSS ABUSE OF THE JUDICIAL PROCESS.**

Finally, as noted above, at least four of the Intervenors share a last name with a suspected mass murderer in a highly publicized case. For example, Intervenor "Edward Breivik" shares the last name of Anders Behring Breivik, a man suspected of killing eight people by bombing government buildings in Oslo, Norway, and then killing an additional sixty-nine people in a mass shooting at a Workers' Youth League (AUF) camp on the island of Utøya. Intervenor "Aaron Tsarnaev" shares the last name of Tamerlan and Dzhokhar Tsarnaev, two brothers suspected of perpetrating the Boston Marathon bombings on April 15, 2013.

8

Intervenor "Jared Lanza" shares a last name with Adam Lanza, a man who is accused of perpetrating the Sandy Hook Elementary School shooting in Newtown, Connecticut, on December 14, 2012.  Finally, Intervenor "Charles Loughner" shares the last name of Jared Lee Loughner, a man accused of shooting multiple people—including U.S. Representative Gabrielle Giffords and Chief U.S. District Court Judge John Roll—near Tucson, Arizona on January 8, 2011.  While Defendant Piper is unable to confirm or deny the true identity of the Intervenors, the seeming correlation between their last names and those of multiple suspected mass murders is troubling in light of the alleged final acts of Plaintiff Dennis Marx as reported by numerous news outlets.  As such, Defendant Piper asks the Court to deny the Motion and sanction the Intervenors on grounds that their Motion constitutes a veiled if not express threat and a gross abuse of the judicial process.

### III.    CONCLUSION

For the reasons set forth above, Defendant Piper asks the Court to deny the Motion To Intervene and sanction the Intervenors.

Respectfully submitted this 23rd day of June, 2014.

                                        **JARRARD & DAVIS, LLP**

                                         /s/ *Ken E. Jarrard*
                                        Ken E. Jarrard
                                        Georgia Bar No. 389550

                Sarah VanVolkenburgh
                Georgia Bar No. 481771
                Jesse A. Van Sant
                Georgia Bar No. 558101

Attorneys for Defendant
Sheriff Duane Piper
105 Pilgrim Village Drive
Suite 200
Cumming, Georgia  30040
(678) 455-7150  (telephone)
(678) 455-7149 (facsimile)

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I certify that the foregoing motion has been prepared in accordance with Local Rule 5.1(B) and is in a 14 point Times New Roman font.

This 23rd day of June, 2014.

                                      **JARRARD & DAVIS, LLP**

                                      /s/ *Ken E. Jarrard*
                                      Ken E. Jarrard
                                      Georgia Bar No. 389550

                                      Attorney for Defendant
                                      Sheriff Duane Piper

105 Pilgrim Village Drive
Suite 200
Cumming, Georgia  30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on this date I served a copy of the foregoing **Defendant Sheriff Duane Piper's Response To Motion To Intervene As Plaintiffs With Newly Discovered Evidence (in re Doc. 57)** via United States mail to:

Dennis Marx
1405 Lakeside Trail
Cumming, Georgia 30041

*Pro se*

This 23rd day of June, 2014.

**JARRARD & DAVIS, LLP**

 /s/ *Ken E. Jarrard*
Ken E. Jarrard
Georgia Bar No. 389550
Attorney for Defendant
Sheriff Duane Piper

105 Pilgrim Village Drive
Suite 200
Cumming, Georgia  30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)