# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| DENNIS MARX on behalf of the Citizens of Forsyth County, State of Georgia and all Citizens of the United States of America, | : : : : |
| Plaintiff, | : CIVIL ACTION NO. : 2:13-CV-0175-RWS |
| v. | : : |
| FORSYTH COUNTY SHERIFF'S OFFICE, *et al.*, | : : : |
| Defendants. | : |

## ORDER

This case is before the Court for consideration of the Notification of Untimely Death of Plaintiff and Request to Allow Plaintiff's Estate to Go Forward With This Instant Complaint [54]; Defendant Piper's Response and Objection to Notification of Untimely Death [56]; and Motion to Intervene as Plaintiffs With Newly Discovered Evidence [57]. After reviewing the record, the Court enters the following Order.

Plaintiff Dennis Marx passed away on June 6, 2014, while domiciled in Forsyth County, Georgia. On June 12, 2014, "J.A. Dennison, Executor on behalf of Dennis Marx," filed a Notification of Untimely Death of Plaintiff and

AO 72A
(Rev.8/82)

a Request to Allow Plaintiff's Estate to Go Forward With This Instant Complaint [54]. J.A. Dennison ("Dennison") is not a party to this action and has not provided a bar number or any other indication that she is an attorney. She asserts that she is "Plaintiff's Pro Se's Executor of Estate." (Notification of Untimely Death [54] at 1). Dennison provided no Letters Testamentary or other evidence that she has been duly appointed as the Executor or Administrator of Plaintiff's estate. Further, research by Defendant indicates that Dennis Marx did not have an estate action pending in Forsyth County as of June 13, 2014.

Federal Rule of Civil Procedure 25(a) provides for the substitution of a deceased party in an action:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). "A valid suggestion of death under Rule 25(a) requires two conditions. First, a formal Statement of Death must be placed 'on the record' by one with authority to do so. Second, the Statement of Death must be properly served pursuant to Rule 25(a)(3)." <u>Schmitt v. Merill Lynch Trust Co.</u>, Case No. 5:07-CV-382-Oc-10GRJ, 2008 WL 2694891, at *2 (M.D. Fla. June

2

30, 2008). The record in the present case does not support a finding that a formal Statement of Death has been placed on the record by one with authority to do so. "[C]ourts have construed the rule so as to allow the suggestion to be filed by. . .either a party, or by a representative of the deceased party." Id. Because there is no evidence that Dennison has been appointed as the representative of Plaintiff's estate, she does not have the authority to file a suggestion of death. Moreover, as a non-lawyer, Dennison would not be permitted to proceed *pro se* on behalf of the estate. Franklin v. Garden State Life Ins., 462 Fed. Appx. 928, 930 (11th Cir. 2012). Therefore, Defendant'S Objection [56] to the Notice [54-1] is **SUSTAINED**, and Dennison's Request to Allow Plaintiff's Estate to Go Forward With This Instant Complaint [54-2] is due to be **DENIED**

A Motion to Intervene as Plaintiffs [57] was filed by persons identified as Jimmy James Thule, Christopher Donnelly, Jonathan Rich, Edward Breivik, Aaron Tsarnaev, Jared Lanza, and Charles Loughner. The Motion requests permissive intervention stating, "Intervenors will provide questions of laws and facts that are common in this action to support Dennis Marx's claims." (Motion [57] at 1). The Motion sets out no other bases for intervention by these parties.

3

The Court first notes the troubling similarity of the names of some of the parties listed as proposed Intervenors with the last names of persons who are suspected of mass murder. See Def.'s Resp. Br. [58] at 3-4. This "coincidence" raises serious doubts about the legitimacy of the motion. As for the substance of the Motion, the Court finds that Intervenors have failed to allege any of the statutory grounds for intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. Therefore, the Motion [57] is due to be **DENIED**.

Based on the foregoing, the Court **SUSTAINS** Defendant's Objection [56] to Dennison's Notice Of Untimely Death and finds that the Notification of Untimely Death of Plaintiff [54-1] fails to qualify as a Notice of Death under Rule 25(a). Having found that Dennison is not the legally appointed representative of Plaintiff's estate, her Motion to Allow Plaintiff's Estate to Go Forward With the Instant Complaint [54-2] is **DENIED**. Finally, having found that the Intervenors failed to allege any of the statutory grounds for intervention, the Motion to Intervene [57] is **DENIED**.

**SO ORDERED**, this  16th  day of July, 2014.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)