# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| DENNIS MARX, *Pro Se* ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | 2:13-CV-175 |
| on behalf of the CITIZENS ) | |
| OF FORSYTH COUNTY, ) | |
| STATE OF GEORGIA and ) | |
| ALL CITIZENS OF THESE ) | |
| UNITED STATES OF ) | |
| AMERICA ) | |
| v. ) | |
| ) | |
| HEAGERTY, ROBERT S. ) | |
| LITTLE, THOMAS III ) | |
| BOGGUS, MARVIN SCOTT ) | |
| BLEISATH, DEREK A. ) | |
| MCCARRON, MICHAEL S. ) | |
| BELL, JOSHUA ) | |
| MOORE, JAMES B ) | |
| SPRAGUE, NOAH T. ) | |
| PITTMAN, KEVIN ) | |
| THOMPSON, RICHARD J. ) | |
| WIGGINS, RICHARD J. ) | |
| WHITWORTH, JOHN M. ) | |
| HAWKINS, TERRY T. ) | |
| SESAM, AUGUSTO M. ) | |
| CLARK, GARY W. ) | |
| BOONE, SAMUEL D. ) | |
| CHAPMAN, JODY C. ) | |
| COOK, JEREMY C. ) | |
| LORING, WILLIAM E. ) | |
| HESTER, MATT ) | |
| CANNON, GREGORY ) | |
| MADDOX, JAMES Stephen ) | |
| YOUNG, MICHAEL ) | |

FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JUL 1 6 2014

JAMES N. HATTEN, Clerk
By: Vicki Dougherty
Deputy Clerk

|  |  |
|---|---|
| PAXTON, THEODORE W. | ) |
| PIPER, DUANE K., | ) |
| FORSYTH COUNTY | ) |
| SHERIFF'S OFFICE, | ) |
| FORSYTH COUNTY | ) |
| S.W.A.T. TEAM, | ) |
| et al. | ) |
|  | ) |
| Defendants. | ) |

## PETITION to REQUEST SERVICE COSTS REIMBURSMENT and ISSUANCE OF CITATIONS AGAINST ALL REMAINING DEFENDANTS GUILTY OF CONTEMPT OF COURT

COMES NOW the Estate of DENNIS MARX, Plaintiff *Pro se*, and hereby requests that this Honorable Court issue an Order on behalf of the now-deceased Plaintiff Dennis Marx to require all Defendants within this instant case to reimburse Plaintiff via Plaintiff's Estate for all costs incurred by Plaintiff, prior to Plaintiff's untimely death, to properly conduct Service of Summons as set forth within the F.R.C.P., Rules pertaining to Service of Summons, that this Court officially finds all remaining Defendants GUILTY OF CONTEMPT OF COURT in intentionally defying **this United States District Court's Order issued on January 15th, 2014** and sees fit to issue Official Citations for Contempt of Court against all remaining Defendants.

### I.  INTRODUCTION

On November 25th 2013 Plaintiff did send, via USPS Priority Mail, all named Defendants within this instant case, including Defendant Sheriff Duane Piper, two copies of the official 'WAIVER OF THE SERVICE OF SUMMONS', a copy of the official 'NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS' allowing thirty (30) days to respond, along with a self-addressed stamped envelope suitable for the return of one copy of the accepted 'WAIVER'. These documents were enclosed with a copy of all documents filed to date by Plaintiff *Pro se* and a copy of the official Federal Rules of Civil Procedure Instructions (APP.V-5).

To Plaintiff's knowledge, Forsyth County Sheriff Duane Piper is the only Defendant to respond, remaining named Defendants intentionally causing Plaintiff both financial and emotional hardship.

**By all remaining named Defendants' intentionally ignoring and violating this Court's Order issued by this Court on** January 15th, 2014, **wherein the last line states: "Further,** the **Defendants** <u>shall respond</u> to the Request for Waiver of Service of Process within thirty (30) days of the entry of this Order." all remaining named Defendants are Guilty of Contempt of Court.**

Defendants intentional failure to respond prompted Plaintiff's request to perform additional 'Service of Summons' which should have been deemed unnecessary expenses and actions, and was granted permission by this Court to proceed with Service of Process.

As a direct result of the recently issued Order of this Honorable Court, Plaintiff *Pro se*, Plaintiff Dennis Marx, under Court Order to serve all remaining Defendants' **Summons *INSTANTER***, Plaintiff proceeded to obtain copies of all documents filed by Plaintiff in this instant Complaint, at considerable expense, over **17,000 pages of Documents,** in preparation of Service of Summons.

## II.    ARGUMENT AND CITATION OF AUTHORITY

Under Rules 4(e) or 4(j) of the Federal Rules of Civil Procedure, Rule 4(e), requires service on an individual to be accomplished by:

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; . . . or **(2)(A)** delivering a copy of the summons and of the complaint to the individual personally; **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(1) The Forsyth County Sheriff's Office is the only authorized persons or agency within Forsyth County certified by the Forsyth County Sheriff's Office to legally serve a Summons.

(2) **(A)** Due to the nature of this instant case, delivering a copy of the Summons and Complaint to each individual Forsyth County Sheriff's Office Officer that is a named Defendant is a little daunting.

**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

This Honorable Court may recognize the fact that the Forsyth County Sheriff's Office denies access by the public to officers' personal information, including their full legal names, let alone addresses.

AUTHORITY: Federal Rules of Civil Procedure Rule 4. Summons

(d) Waiver of Service; Duty to Save Costs of Service; Request to Waive. If a defendant located within the United States fails to comply with a Request for Waiver made by a Plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

### III.  CONCLUSION

As previously brought to this Honorable Court's attention, since Defendant Forsyth County Sheriff Duane Piper has elected to accept Plaintiff's request for Waiver of Service, this action on Defendant FCSO Sheriff Duane Piper's part attests to the apparently appropriate and acceptable service of 'NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS' conducted by Plaintiff on November 25th, 2013.

Plaintiff has previously submitted copies of the receipts for delivery of identical files containing the identical documents as received and accepted

by Defendant Sheriff Duane Piper to all named Defendants at the exact same time. The only difference is that Defendant Sheriff Duane Piper is the only Defendant to accept Plaintiff's 'Request to Waive Service of Summons' "in his individual capacity".

The Estate of Plaintiff Dennis Marx hereby requests that an order be issued commanding all remaining named Defendants to reimburse all the instant costs brought to bear upon Plaintiff's already heavy financial burden, incurred in the repeated attempts and final accomplishment of acceptable and legally appropriate Service of Summons to all remaining named Defendants within this Complaint.

17,000 documents copied at $.05 per copy-Total $850.00

FCSO Civil Service Process: 24 Summons-Total: $1200.00

Plus the costs incurred within the original Service of 'Waiver of Service of Process:

8,000 plus documents copied at $.05 per copy - Total $400.00

USPS Priority Mail $6.60 times 27 Defendants - Total $178.20

Other costs, including travel time, fuel, hiring of assistants to Pick up and deliver documents, legal counsel, consultants, etc. - Total $500.00

**Total COSTS REIMBURSEMENT Due Plaintiff's Estate: $3128.20**

The cost in human suffering is incalculable...

**LET IT BE KNOWN THAT DEFENDANTS HAVE MADE ABUNDANTLY CLEAR THEIR UTTER DISDAIN FOR THE AUTHORITY OF THIS COURT BY DELIBERATELY DESTROYING ADDITIONAL CRITICAL EVIDENCE,** contrary to this Honorable Courts's ORDER FOR THE PRESERVATION OF EVIDENCE issued by this Court within this instant case when, on Defendant FCSO deliberately violated the Order issued by this Court, and constitutes yet another blatant issue of 'Contempt of Court' committed by Defendants.

Let it also be known that Defendants Forsyth County Sheriff's Office, with malice aforethought, did interfere with Plaintiff's federally-protected communications, when, without legal authority or a Legal Warrant, Defendant FCSO caused the local branch of the United States Postal Service to deny access and refuse to deliver not only Plaintiff's US Mail, but also withheld Plaintiff's family's US Mail, thereby causing damages yet to be determined, including but not limited to Plaintiff's failure to receive legal notices and/or proper service of documents relating to this complaint, critical communications pertaining not only to **this** Civil Rights complaint, **critical**

**confidential time-sensitive** communications between clients and respective legal counsels, but also relating to both Plaintiff's criminal case and pending Forfeiture in Rem Civil Action No. 11CV1751, (Plaintiff's Personal Property valued at over $100,000.00) which status states that any and all actions, according to Plaintiff's Exhibits P26-P30, Motions filed by Attorney Richard Grossman and the subsequent Forsyth County Superior Court Order (Plaintiff's Exhibit P-30) dated and issued January 5th 2012, consented to and signed by Forsyth County **Assistant District Attorney James A. Dunn**, which orders that all proceedings within this Civil Action are **'Stayed'**, Pending the outcome of the Related Criminal Case, an order similar to the Order to Stay Civil Proceedings issued by this Court within this instant case. Yet, in direct defiance of that 'Consent Order' Defendants illegally proceeded to push forward a 'hearing', and placed this Civil Action on the 05/20/2014 Peremptory Calendar Call of Judicial Officer Dickinson, David L., in a blatant attempt to **confiscate** via forfeiture proceedings **and destroy all of the evidentiary items and materials including Plaintiff's family's personal property, Evidence that Plaintiff, as Defendant, had a legal right to access in order to properly defend his case in the pending criminal trial; Evidence protected by this Court's issuance of the 'Order**

**to Preserve (any and all) Evidence'.** This is yet another instance of BLATANT **VIOLATION OF A COURT ORDER ISSUED BY U.S. DISTRICT COURT, THE NORTHERN DISTRICT OF GEORGIA, VIOLATION WHICH REQUIRES INQUIRY AND ISSUANCE OF CITATIONS FOR 'CONTEMPT OF COURT' AGAINST DEFENDANTS.** Notice of such hearing should have been served upon both Plaintiff and respective legal counsel, yet there is no specific record of any such notice being sent to either Legal Counsel and/or Plaintiff.

Please refer to attached documents: Plaintiff's Estate Exhibits PE-A, B, C. Later, upon further investigation by Defense legal counsel, Defendant (Plaintiff in this case) was informed that this incident was **yet another "CLERICAL ERROR by the Forsyth County Clerk of Courts", akin to the numerous other clerical, scriveners, filing errors and loss of, misplaced, discarded, damaged, destroyed, etc. excuses thrown at Plaintiff during his quest for Justice within the complicated and ill-run System of Justice that is rampant within Forsyth County and the reason for filing this Instant Complaint in the first place.**

Also, insurmountable difficulties and hardships were caused to Plaintiff's family members and now-deceased Plaintiff's subsequent Estate

by the denial of U.S. Mail perpetrated by Defendant FCSO, including but not limited to the late, untimely or non-payment of numerous bills, premiums, payments, etc.

Finally, Plaintiff *Pro se* Dennis Marx' one-man battle to expose the atrocities reaped upon the Citizens of Forsyth County Georgia and these United States by the blatant disregard and intentional actions with malice aforethought, greed as their sole motive, intent on confiscating any and all personal property by whatever means necessary, be it lies, deceit, planting of evidence, false swearing and statements, etc. simply cannot be allowed to go un-noticed by this Honorable Court. Now-Deceased Plaintiff Dennis Marx was deliberately and mercilessly persecuted by the Defendants that he fought to expose along with the complete lack of human decency that is rampant within the Forsyth County Judicial System. **Plaintiff Dennis Marx unnecessary, untimely death simply must stand for Justice, FOR ALL!**

DATED: This 13th day of July 2014.

Respectfully submitted,

_____

Executor: Estate of Dennis Marx

Cumming, Georgia

11

## CERTIFICATE OF SERVICE

This is to certify that on this date a true and accurate copy of the foregoing pleading was served by <u>United States Mail</u> (first class, postage pre-paid) to the following attorney allegedly representing Forsyth County defendants:

KEN E JARRARD
Sean P. Kane, *Esq.*
Jarrard & Davis, LLP
105 Pilgrim Village Drive
Suite 200
Cumming, Georgia 30040

This 13th day of July 2014

Executor: Estate of
Dennis Marx, *Pro se*
Cumming, Georgia 30041

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I certify that the foregoing pleading has been prepared in accordance with Local Rule 5.1 and is in a 14 point Times New Roman font.

This 13th day of July 2014

*[signature]*
Executor: Estate of
Dennis Marx, Pro se

Cumming, Georgia 30041