# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| DENNIS MARX, *Pro Se* | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | 2:13-CV-175 |
| on behalf of the CITIZENS | ) | |
| OF FORSYTH COUNTY, | ) | |
| STATE OF GEORGIA and | ) | |
| ALL CITIZENS OF THESE | ) | FILED IN CLERK'S OFFICE |
| UNITED STATES OF | ) | U.S.D.C. -Gainesville |
| AMERICA Et al. | ) | |
| v. | ) | AUG 21 2014 |
| | ) | JAMES N. HATTEN, Clerk |
| HEAGERTY, ROBERT S. | ) | By: [signature] Deputy Clerk |
| LITTLE, THOMAS III | ) | |
| BOGGUS, MARVIN SCOTT | ) | |
| BLEISATH, DEREK A. | ) | |
| MCCARRON, MICHAEL S. | ) | |
| BELL, JOSHUA | ) | |
| MOORE, JAMES B | ) | |
| SPRAGUE, NOAH T. | ) | |
| PITTMAN, KEVIN | ) | |
| THOMPSON, RICHARD J. | ) | |
| WIGGINS, RICHARD J. | ) | |
| WHITWORTH, JOHN M. | ) | |
| HAWKINS, TERRY T. | ) | |
| SESAM, AUGUSTO M. | ) | |
| CLARK, GARY W. | ) | |
| BOONE, SAMUEL D. | ) | |
| CHAPMAN, JODY C. | ) | |
| COOK, JEREMY C. | ) | |
| LORING, WILLIAM E. | ) | |
| HESTER, MATT | ) | |
| CANNON, GREGORY | ) | |
| MADDOX, JAMES Stephen | ) | |
| YOUNG, MICHAEL | ) | |
| PAXTON, THEODORE W. | ) | |

PIPER, DUANE K.,                )
FORSYTH COUNTY                  )
SHERIFF'S OFFICE,               )
FORSYTH COUNTY                  )
S.W.A.T. TEAM,                  )
             Et al.      )
                          )
   Defendants.                  )

## MOTION FOR SUBSTITUTION AND TO ALLOW PLAINTIFF'S ESTATE LEAVE OF TIME TO RETAIN APPROPRIATE LEGAL COUNSEL

Plaintiff *Pro se's* Executor of Estate herein attaches a copy of both Plaintiff's Last Will and Testament along with a copy of the Official Georgia Death Certificate issued by Coroner Mary Beth Pais dated June 13, 2014 and officially requests that this Court allow Plaintiff's Estate to substitute as Plaintiff and allow adequate time and opportunity **to obtain legal counsel** to assist with this instant Complaint.

Enclosed with this motion are numerous documented facts regarding the delay in Letters Testamentary being officially issued to date. Plaintiff's designated Executor via his will and Plaintiff's Family have been unable to locate the original Last Will and Testament necessary to present to Probate Court in order to obtain the requisite Letters Testamentary, due to the complete destruction of Plaintiff's former residence, currently the property

of Executor Denison. Upon this Court's review of these facts, perhaps some semblance of understanding not only the Grief and Suffering over the incidents of June 6, 2014 this Family is dealing with, but also the destruction and damages inflicted upon Plaintiff's Family, due to the extensive damages inflicted upon Plaintiff's former residence as a direct result of the deliberate actions of Defendants under the veil of a questionable Search Warrant. It is a possibility that Defendants either confiscated or destroyed Plaintiff's Last Will and Testament. Plaintiff's Family is searching through the mess in the hope of finding this necessary document.

  Also Please note that since June 6, 2014, all mail to this residence has been delayed and re-routed and held, etc. Plaintiff's family denied access to all family mail due to the legally unauthorized interference of said United States Postal Service Mail by Defendant Forsyth County Sheriff Duane Piper.

  This Motion is being filed within the allotted 90-day period. Plaintiff's original caption includes DENNIS MARX, Pro Se, and on behalf of the CITIZENS OF FORSYTH COUNTY, STATE OF GEORGIA and ALL CITIZENS OF THE UNITED STATES OF AMERICA, Plaintiffs. **As Citizens of these United States, and parties that have been duly harmed by the actions of Defendants, Plaintiff's surviving family,**

**individually and on behalf of Plaintiff's Estate, do hereby within this motion request to be named as appropriate substitutions herein.**

Present Rule 25(a)(1), together with present Rule 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of the death. The hardships and inequities of this unyielding requirement plainly appear from the cases. See e.g., Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947); Iovino v. Waterson, 274 F.2d 41 (1959), cert. denied, Carlin v. Sovino, 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed.2d 867 (1960); Perry v. Allen, 239 F.2d 107 (5th Cir. 1956); Starnes v. Pennsylvania R.R., 26 F.R.D. 625 (E.D.N.Y.), aff'd per curiam, 295 F.2d 704 (2d Cir. 1961), cert. denied, 369 U.S. 813, 82 S.Ct. 688, 7 L.Ed.2d 612 (1962); Zdanok v. Glidden Co., 28 F.R.D. 346 (S.D.N.Y. 1961). See also 4 Moore's Federal Practice 25.01[9] (Supp. 1960); 2 Barron & Holtzoff, Federal Practice & Procedure §621, at 420–21 (Wright ed. 1961).

The amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death as provided by the means of a suggestion of death upon the record, i.e., service of a statement of the fact of the death. Cf. Ill.Ann.Stat., ch. 110, §54(2) (Smith-Hurd 1956). The motion may not be made later than **90 days** after the service of the statement unless the period is extended pursuant to Rule 6(b), as amended.

Rule 6. Computing and Extending Time; Time for Motion Papers
(b) EXTENDING TIME.
(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

 (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.
(2) Exceptions. A court must not extend the time to act under
Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record.

A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ("the court may order") it may be denied by the court in the exercise of a sound discretion if made long after the death—as can occur if the suggestion of death is not made or is delayed—and circumstances have arisen rendering it unfair to allow substitution. Cf. Anderson v. Yungkau, supra, 329 U.S. at 485, 486, 67 S.Ct. at 430, 431, 91 L.Ed. 436, where it was noted under the present rule that settlement and distribution of the state of a deceased defendant might be so far advanced as to warrant denial of a motion for substitution even though made within the time limit prescribed by that rule. Accordingly, a party interested in securing substitution under the amended rule should not assume that he can rest indefinitely awaiting the suggestion of death before he makes his motion to substitute.

Rule 25. Substitution of Parties

(a) Death.

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. **A motion for substitution may be made by any party or by the decedent's successor or representative**. If the motion is not made within **90 days** after service of a statement noting the death, the action by or against the decedent must be dismissed.

(2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

(3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided

in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

This Court is keenly aware of the extreme effort; deliberate delays and extensive costs that went in to finally serving summons on Defendants in this Complaint, even after Defendants violated this Court's Order to Accept Waivers of Service of Summons issued last April. We beseech this Court to actively review this new information included herein and allow Plaintiff's Estate, Plaintiff's Family, Plaintiff's Heirs and consider our collective pleas to allow us to retain legal counsel to assist with this Complaint, assuring this Court that all efforts are being made and as soon as Letters Testamentary have been issued, they will be provided to this Court. The main requisite intention was to immediately inform this Court of Plaintiff's death, albeit not done properly according to procedure, but during an on-going extremely stressful and grievous time in our lives, continuously exacerbated by the deliberate actions of Defendants Et al.

Begging the Courts understanding,

Respectfully submitted this 1th day of August 2014

_____
J. A. Denison, Designated Executor on behalf of Plaintiff Dennis Marx

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I certify that the foregoing pleading has been prepared in accordance with Local Rule 5.1 and is in a 14 point Times New Roman font.

This 1 <sup>th</sup> day of August 2014

Executor: Estate of
Dennis Marx, Pro se

Cumming, Georgia 30041

## CERTIFICATE OF SERVICE

This is to certify that on this date a true and accurate copy of the foregoing pleading was served by United States Mail (first class, postage pre-paid) to the following attorney allegedly representing Forsyth County Defendants:

Ken E. Jarrard, *Esq.*
Jarrard & Davis, LLP
105 Pilgrim Village Drive
Suite 200
Cumming, Georgia 30040

This 18th day of August 2014

Executor: Estate of
Dennis Marx, *Pro se*
Cumming, Georgia 30041

# GEORGIA DEATH CERTIFICATE

**State File Number:** 2014GA000028075

| Field | Value |
|---|---|
| 1. DECEDENT'S LEGAL FULL NAME (First, Middle, Last) | DENNIS RONALD MARX |
| 1a. IF FEMALE, ENTER LAST NAME AT BIRTH | |
| 2. SEX | MALE |
| 2a. DATE OF DEATH (Mo., Day, Year) | ACTUAL DATE OF DEATH 06/06/2014 |
| 3. SOCIAL SECURITY NUMBER | 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 |
| 4a. AGE (Years) | 48 |
| 5. DATE OF BIRTH (Mo., Day, Year) | 06/13/1965 |
| 6. BIRTHPLACE | WISCONSIN |
| 7a. RESIDENCE - STATE | GEORGIA |
| 7b. COUNTY | FORSYTH |
| 7c. CITY, TOWN | CUMMING |
| 7d. STREET AND NUMBER | 1405 LAKESIDE TRAIL |
| 7e. ZIP CODE | 30041 |
| 7f. INSIDE CITY LIMITS? | YES |
| 8. ARMED FORCES? | YES |
| 8a. USUAL OCCUPATION | TRADESMAN |
| 8b. KIND OF INDUSTRY OR BUSINESS | HANDYMAN |
| 9. MARITAL STATUS | NEVER MARRIED |
| 10. SPOUSE NAME | |
| 11. FATHER'S FULL NAME | RONALD MARX |
| 12. MOTHER'S MAIDEN NAME | JACKIE JESKE |
| 13a. INFORMANT'S NAME | JACKIE DENNISON |
| 13b. RELATIONSHIP TO DECEDENT | MOTHER |
| 13c. MAILING ADDRESS | P.O. BOX 15101 PANAMA CITY FLORIDA 32406 |
| 14. DECEDENT'S EDUCATION | HIGH SCHOOL GRADUATE OR GED COMPLETED |
| 15. ORIGIN OF DECEDENT | NO, NOT SPANISH/HISPANIC/LATINO |
| 16. DECEDENT'S RACE | WHITE |
| 17b. IF DEATH OCCURRED OTHER THAN HOSPITAL | SCENE |
| 18. HOSPITAL OR OTHER INSTITUTION NAME | 100 COURTHOUSE SQUARE |
| 19. CITY, TOWN or LOCATION OF DEATH | CUMMING |
| 20. COUNTY OF DEATH | FORSYTH |
| 21. METHOD OF DISPOSITION | CREMATION |
| 22. PLACE OF DISPOSITION | NORTHSIDE CHAPEL CREMATORY 12050 CRABAPPLE ROAD ROSWELL GEORGIA 30075 |
| 23. DISPOSITION DATE | 06/11/2014 |
| 25. FUNERAL HOME NAME | NORTHSIDE CHAP FUNERAL DIRS |
| 25a. FUNERAL HOME ADDRESS | 12050 CRABAPPLE ROAD ROSWELL GEORGIA 30075 |
| 26a. SIGNATURE OF FUNERAL DIRECTOR | TYRON A HARDIGREE |
| 26b. FUN. DIR. LICENSE NO | 5275 |
| 27. DATE PRONOUNCED DEAD | 06/06/2014 |
| 28. HOUR PRONOUNCED DEAD | 18:30 MILITARY |
| 29a. PRONOUNCER'S NAME | MARY BETH PAIS |
| 29c. DATE SIGNED | 06/06/2014 |
| 30. TIME OF DEATH | 18:30 MILITARY |
| 31. WAS CASE REFERRED TO MEDICAL EXAMINER | YES |

**32. Part I.** Enter the chain of events-diseases, injuries, or complications that directly caused the death.

| | Cause | Approximate interval between onset and death |
|---|---|---|
| A. IMMEDIATE CAUSE | GUNSHOT WOUNDS HEAD, TORSO, AND EXTREMITIES | UNKNOWN |
| B. | | |
| C. | | |
| D. | | |

| Field | Value |
|---|---|
| 33. WAS AUTOPSY PERFORMED? | YES |
| 34. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? | YES |
| 35. TOBACCO USE CONTRIBUTED TO DEATH | NO |
| 36. IF FEMALE (range 10-54) PREGNANT | NOT APPLICABLE |
| 37. ACCIDENT, SUICIDE, HOMICIDE, UNDETERMINED | HOMICIDE |
| 38. DATE OF INJURY | 06/06/2014 |
| 39. TIME OF INJURY | 09:57 AM |
| 40. PLACE OF INJURY | FORSYTH COUNTY COURTHOUSE |
| 41. INJURY AT WORK? | NO |
| 42. LOCATION OF INJURY | 100 COURTHOUSE SQUARE CUMMING GEORGIA 30040 FORSYTH |
| 43. DESCRIBE HOW INJURY OCCURRED | SHOT BY OTHER S |
| 44. IF TRANSPORTATION INJURY | NO |
| 46. Medical Examiner/Coroner | /S/ MARY BETH. PAIS CORONER |
| 46a. DATE SIGNED | 06/13/2014 |
| 46b. HOUR OF DEATH | 18:30 MILITARY |
| 47. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH | MARY BETH. PAIS 1545 W DOC BRAMBLETT DRIVE CUMMING GEORGIA 30040 |
| 48. REGISTRAR (Signature) | /S/ DEBORAH C. ADERHOLD |
| 49. DATE FILED - REGISTRAR | 06/13/2014 |

Form 3903 (Rev. 04/2012), GEORGIA DEPARTMENT OF HUMAN RESOURCES

DO NOT FOLD THIS CERTIFICATE

# LAST WILL AND TESTAMENT

(SIMPLE WILL – ESTATE TAXES NOT
CONSIDERED RELEVANT TO THIS WILL)

State of Georgia

County of Forsyth

PERSONAL INFORMATION

I, DENNIS RONALD MARX, a resident of the State of Georgia, Forsyth County, declare that this is my will. My Social Security Number is 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.

## REVOCATION OF PREVIOUS WILLS

I revoke all wills and codicils that I have previously made.

## BURIAL

I desire to donate my brain, eyes, heart and other organs or body parts for transplant purposes first and foremost; the remainder of useful body parts named above to be donated for research purposes and the rest of my remains are to be cremated and the ashes remaining returned to my Family.

## MARITAL STATUS

I am single. I have never been married.

## CHILDREN

I have no children whatsoever.

## FAILURE TO LEAVE PROPERTY

If I do not leave property in this will to one or more of my family members, my failure to do so is intentional. Any person and/or family member not specifically named herein attempting to make a claim against my estate shall be deemed null and void.

## DISPOSITION OF PROPERTY

All personal and real property that I leave in this will shall pass free of any encumbrances or liens, for, as to the best of my knowledge, none exist.

If I leave property to be shared by two or more beneficiaries, it shall be shared equally by them unless this will provides otherwise.

1

If I leave property to be shared by two or more beneficiaries, and any of them does not survive me, I leave his or her share to the others specifically and specially named herein, equally unless this will provides otherwise for that share.

Specific bequest refers to a gift of specifically identified property that I leave in this will.

Residuary estate means all property I own at my death, including any and all rights to 'Intellectual Property', that is subject to this will that does not pass under a specific bequest.

I leave my residuary estate to my Mother, Jacqueline A. (nee Jeske) Denison. If my Mother does not survive me, I leave my residuary estate to my Sister, Kelly M. Marx.

My residuary estate shall be free from the claims of creditors and from attachment, execution, bankruptcy, or other legal process to the fullest extent permitted by law.

APPOINTMENT OF EXECUTRIX/PERSONAL REPRESENTATIVE

I name my Mother, Jacqueline A. Denison to serve as my Executrix and Personal Representative. If my Mother, Jacqueline A. Denison is unwilling or unable to serve as my Executrix and Personal Representative, I name my Sister, Kelly M. Marx to serve in her stead.

No personal representative shall be required to post bond.

PERSONAL REPRESENTATIVE'S POWERS

I direct my personal representative to take all actions legally permissible to have the probate of my will done as simply and as free of court supervision as possible under the laws of the state having jurisdiction over this will, including, if required by law, **filing a petition in the appropriate court for the independent administration of my estate.**

I grant to my personal representative the following powers, to be exercised as she deems to be in the best interests of my estate:

1) To retain property without liability for loss or depreciation.

2) To dispose of property by public or private sale, or exchange, or otherwise, and receive and administer the proceeds as a part of my estate.

3) To vote stock, to exercise any option or privilege to convert bonds, notes, stocks or other securities belonging to my estate into other bonds, notes, stocks or other securities, and to exercise all other rights and privileges of a person owning similar property.

4) To lease any real property in my estate.

SPECIFIC BEQUESTS

2

To My Beloved Sister, Kelly M. Marx, I leave my 1999 Toyota Tacoma Truck, VIN #4TAVL52N2XZ494883, to do with as she sees fit.

My Beloved Sister, Danielle L. (nee Denison) Poehlman will receive appropriate proceeds from my estate as deemed fit and proper by my appointed Personal Representative(s). As she is currently in possession of certain items that are my personal property, previously provided to her on a temporary loan basis for educational purposes, these items must be returned to my Personal Representative at their earliest convenience.

No beneficiary may transfer or assign her rights to receive any benefits under this, My Last Will and Testament, or any trust created hereby, nor shall such rights be subject to the claims of her creditors. In any event, the Executor shall distribute proceeds directly to or for the benefit of the beneficiary.

NO CONTEST PROVISION

If any beneficiary under this will contests this will or any of its provisions, any share or interest in my estate given to the contesting beneficiary under this will is revoked and shall be disposed of as if that contesting beneficiary had not survived me.

SEVERABILITY

If any provision of this will is held invalid that shall not affect other provisions that can be given effect without the invalid provision.

BEQUEST OF ESTATE

I give, bequeath and devise to Jacqueline A. Denison, My Beloved Mother, all of my property, both real and personal, of every kind and description, wherever situated, whether now owned or hereafter acquired, including the rest, residue and remainder, in fee simple.

In the event Jacqueline A. Denison, My Mother, does not survive me, or we die simultaneously, then I hereby give, bequeath and devise all of my property including the rest, residue and remainder of my estate to Kelly M. Marx, My Beloved Sister, in fee simple.

**IN WITNESS WHEREOF** I have signed and sealed this My Last Will and Testament, which consists of four (4) typewritten pages and I have signed each page, except the last page which consists of my SELF-PROVING WILL AFFIDAVIT, in the lower margin thereof for the purpose of identification.

DENNIS RONALD MARX signs, seals and declares this to be his Last Will and Testament, herein Declaring His Everlasting, Overwhelming and Undying LOVE for his Family, Who Remained TRUE TO THE END, AND FOR WHOM HE WILL ALWAYS REMAIN ETERNALLY GRATEFUL. "I LOVE YOU, MISS YOU, MISS ME"

3

## SELF-PROVING WILL AFFIDAVIT

**AFFIDAVIT**

State of: _Georgia_

County of: _Forsyth_

Before me, the undersigned authority, on this day personally appeared _Dennis Ronald Marx_  _Carl Bennett_ and _George Henry_, known to me to be the testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, _Dennis Ronald Marx_, testator, declared to me and to the said witnesses in my presence that said instrument is his last will and testament, and that he had willingly made and executed it as his free act and deed for the purposes therein expressed. The witnesses, each on his/her oath stated to me, in the presence and hearing of the testator, that the testator had declared to them that the instrument is his/her last will and testament and that he/she executed same as such and wanted each of them to sign it as a witness; and upon his/her oath each witness stated further that he/she did sign the same as witne in the presence of the testator and at his/her request; that he/she was at that time 14 years of age or over and was of sound mind; and that each of said witnesses was then at least 14 years of age.

Testator: _Dennis Ronald Marx_

Witness: _Carl Bennett_

Witness: _George Henry_

Subscribed and sworn before me by the said _Dennis Ronald Marx_, Testator, and by the said _Carl Bennett_ and _____, witnesses, this _20th_ day of _October_, _2013_.

_____
NOTARY PUBLIC
My Commission Expires: _4/6/18_

Document prepared by:
DENNIS RONALD MARX,
TESTATOR
1405 Lakeside Trail,
Cumming, Georgia 30041

# AFFIDAVIT NOT TO PROBATE

(I) (We), __JACQUELINE A. DENISON__, as Executor(s) of the estate of __DENNIS RONALD MARX__, hereby states that (he) (she) passed away on __June 6, 2014__. At this time, (I) (We) do not wish to probate the Last Will and Testament dated __October 20, 2013__, but to put it on record in the Probate Court of __FORSYTH__ County.

*No Property to Probate!*
*Defendants, etc Et al.*
*Destroyed entire*
*residence, all personal*
*Property.*

Signature: _[signed]_
Address: 1405 Lakeside Trail
Cumming, GA 30041

Sworn to and subscribed before me this 18th day of August, 2014.

_[signed]_
Notary Public or Clerk of Probate Court

```
JOSH SHAW
Notary Public
Cobb County
State of Georgia
My Commission Expires Sep 14, 2014
```

Signature
Address: _____

_____

Sworn to and subscribed before me
this ____ day of _____, _____.

_____
Notary Public or Clerk of Probate Court

Exh.