**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| JACQUELINE DENISON, | : | |
| *Executrix of the Estate of Dennis* | : | |
| *Ronald Marx*, | : | |
| | : | |
|      Plaintiff, | : | CIVIL ACTION NO. |
| | : | 2:13-CV-175-RWS |
|      v. | : | |
| | : | |
| DETECTIVE THOMAS T. | : | |
| LITTLE, individually, SGT. | : | |
| ROBERT HEAGERTY, | : | |
| individually, SGT. J.B. MOORE, | : | |
| individually, and OFFICER N. | : | |
| SPRAGUE, individually, | : | |
| | : | |
|      Defendants. | : | |

## ORDER

This case comes before the Court on: (1) a Motion to Dismiss [93] filed

by Defendants Thomas Little, Robert Heagerty, J.B. Moore, and N. Sprague;

and (2) a second Motion to Dismiss [94] filed by Defendant Little alone.  After

reviewing the record, the Court enters the following Order.

### Background

**I.  Procedural Background**

The original Plaintiff, Dennis Marx, filed this case over two years ago,

on August 2, 2013, asserting claims under 42 U.S.C. § 1983.  The claims arise out of events that took place during the execution of a search warrant and two arrest warrants against Mr. Marx.  The original Complaint named thirty Defendants including Forsyth County, Forsyth County Sheriff's Office, and a number of Forsyth County law enforcement officers, but Mr. Marx narrowed this list through two amendments to the Complaint.

Mr. Marx passed away on June 6, 2014.  Following his death, Jacqueline Denison, Mr. Marx's mother, filed a Suggestion of Death and Motion for Substitution, which the Court granted on March 13, 2015.  (Dkt. [82].)  Since then, Jacqueline Denison has acted as Plaintiff in this case.  On June 11, 2015, she filed a Motion for Leave to File Amended Complaint [85].

In ruling on that motion, the Court warned Plaintiff that several aspects of her Proposed Third Amended Complaint were deficient.  (See Dkt. [91] at 10.)  For example, the Court pointed out that the Proposed Third Amended Complaint used the term "Defendants" generically in all but two paragraphs, leaving doubt as to which claims Plaintiff was pursuing against which Defendants.  (Id.)  The Court also pointed out that this shortcoming—along with several others— made the Proposed Third Amended Complaint

2

characteristic of a shotgun pleading.  (Id.)  Despite warning Plaintiff that it could deny Plaintiff's motion on this ground alone, the Court considered Plaintiff's motion on the merits, ultimately granting it in part and denying it in part.  (Id. at 22.)  The Court gave Plaintiff leave to amend, but on very narrow grounds.  She was to include only two claims: (1) her Fourteenth Amendment claim against Sergeant Heagerty in his individual capacity; and (2) her Fourth Amendment claim against Officer Sprague, Sergeant Heagerty, Sergeant Moore, and Deputy Thompson in their individual capacities.  (Id. at 21-22.)  Following this Order, Plaintiff filed her Third Amended Complaint naming three Defendants that the Court had given her leave to include—Sergeant Heagerty, Sergeant Moore, and Officer Sprague—but also naming Detective Little, whom the Court did not give her leave to include.  (See Third Am. Compl., Dkt. [92].)

## II.    Allegations in Plaintiff's Third Amended Complaint

On or about August 10, 2011, Defendants[1] were sent to 1405 Lakeside Trail in Cumming, Georgia, to execute one search warrant and two arrest

---

[1] As she did in the Proposed Third Amended Complaint, Plaintiff uses the term "Defendants" generically throughout her Third Amended Complaint.  In the limited instances where she names specific Defendants, the Court will include their names.

3

warrants against Mr. Marx. (Third Am. Compl., Dkt. [92] ¶ 5.)  Defendants did

not, however, follow the proper procedure required to execute their warrants.

(Id. ¶ 6.)  Specifically, Defendants did not knock or identify themselves to Mr.

Marx and Defendant Heagerty failed to show Mr. Marx the warrants or state

Defendants' official purpose in entering Mr. Marx's residence.  (Id. ¶¶ 6-7.)

Upon entering Mr. Marx's home, Defendants ordered Mr. Marx to place

his hands above his head and Mr. Marx complied.  (Id. ¶ 8.)  Defendants

Sprague, Heagerty, and Moore then used excessive force to detain Mr. Marx

and beat him for non-compliance even though he was not resisting arrest.  (Id. ¶

18.)  As a result of these Defendants' conduct, Mr. Marx sustained serious

injuries.  (Id.)  Defendants did not read Mr. Marx his Miranda rights or inform

him he was under arrest while taking him into custody.  (Id. ¶ 10.)

During their search, Defendants used flash bang grenades and shot guns

to breach various points of Mr. Marx's residence, causing extensive and

unnecessary damage to his property.  (Id. ¶ 11.)  They also: failed to follow

proper evidentiary procedure while handling evidence recovered during the

search; illegally confiscated items on Mr. Marx's property that were not

outlined in the search warrant; and failed to properly secure Mr. Marx's

4

residence when they left.  (Id. ¶¶ 12-14.)

Based on these allegations, Plaintiff's Third Amended Complaint enumerates the following claims: violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 (Count I); punitive damages (Count II); and attorneys' fees and damages (Count III).  (Id. ¶¶ 16-29.)  Defendants now collectively seek to dismiss each of those claims for failure to state a claim, failure to obey a court order, and failure to prosecute in the name of the real party in interest.  (Defs.' Br. in Supp. of Mot. to Dismiss, Dkt. [93-1].) Defendant Little separately seeks dismissal for failure to serve.  (Def. Little's Br. In Supp. of Mot. to Dismiss, Dkt. [94-1].)

## Discussion

### I.    Defendant Little's Motion to Dismiss [94]

Defendant Little argues that he must be dismissed because Plaintiff has failed to properly serve him.  Indeed, under Federal Rule of Civil Procedure ("Rule") 4(m), a defendant that is not served within 90 days after the complaint is filed is due to be dismissed.  See FED. R. CIV. P. 4(m)  Here, dismissal is appropriate because the docket reflects that Defendant Little has not yet been served even though the 90 day window for service passed long ago.

What is more, Plaintiff has failed to file a response to Defendant Little's motion. While the docket indicates that Plaintiff's brief in opposition to Defendants' collective Motion to Dismiss [93] also serves as a response to Defendant Little's individual Motion to Dismiss [94], the face of that brief reveals that it is responsive to only Defendants' collective Motion to Dismiss [93]. It does not address Defendant Little's argument that he should be dismissed for failure to serve, nor does it even acknowledge that Defendant Little filed a separate motion. (See Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, Dkt. [96].) Thus, Defendant Little's Motion to Dismiss [94] is deemed unopposed and is **GRANTED**. All claims against Defendant Little are therefore **DISMISSED**.[2]

## II.   Defendants' Motion to Dismiss [93]

All four Defendants collectively move to dismiss Plaintiff's Third Amended Complaint on four grounds. First, Defendants argue that Plaintiff does not allege sufficient facts to state claims for Fourth or Fourteenth

---

[2] The Court notes that even if Defendant Little had been served, he would still be dismissed because the Court expressly denied Plaintiff leave to include Defendant Little in the Third Amendment Complaint, yet Plaintiff included him anyways. (See Dkt. [91] at 22-23.)

6

Amendment violations under Section 1983.  Second, Defendants argue that

they are entitled to qualified immunity.  Third, Defendants argue that Plaintiff's

Third Amended Complaint fails to comply with the Court's Order granting

Plaintiff's Motion for Leave to File an Amended Complaint [85].  And finally,

Defendants argue that Plaintiff did not bring the Third Amended Complaint in

the name of the real party in interest.  The Court need not reach all of these

arguments as it finds that Plaintiff's Third Amended Complaint is due to be

dismissed for failure to comply with a Court Order.

In its January 28, 2016 Order ("January Order"), the Court expressly

noted that the proposed Third Amended Complaint contained many features of

a shotgun pleading.  (Dkt. [91] at 10 n.4.)  Most concerning was how Plaintiff

used "Defendants" generically, leaving unclear how each claim fit with each

individual Defendant.  (Id.)  The Court noted, only two paragraphs connected

specific Defendants with specific claims. (Id. at 20-21.)  After quoting those

two paragraphs, the Court granted leave to amend, but instructed Plaintiff to

include only: "(1) her Fourteenth Amendment claim against Sergeant Heagerty

in his individual capacity; and (2) her Fourth Amendment claim against Officer

Sprague, Sergeant Heagerty, Sergeant Moore, and Deputy Thompson in their

individual capacities."  (Id. at 21-22.)

Despite the Court's instructions, Plaintiff filed the Third Amended Complaint without correcting the problems identified.  First, the Third Amended Complaint contains eleven background paragraphs that are nearly identical to those in the proposed version.  (Third Am. Compl., Dkt. [92] ¶¶ 5-15.)  Like the proposed version, these paragraphs refer to "Defendants" generically in all but two places.  (Id.)  Second, the Third Amended Complaint contains a single Section 1983 count, alleging Fourth and Fourteenth Amendment violations against *all* Defendants.  (Id. ¶¶ 16-19.)  This is despite the Court's instructions to limit all Fourteenth Amendment violations to Sergeant Heagerty.  (Dkt. [91] at 21.)   By failing to make the necessary changes before filing the Third Amended Complaint and by expanding the scope of the Fourteenth Amendment claim beyond Defendants that she was given leave to include, Plaintiff violated the Court's January Order [91].[3]  For this reason, the court finds that the Third Amended Complaint is due to be

_____

[3] As discussed in Part I, *supra*, Plaintiff also violated the Court's January Order by naming Defendant Little in the Third Amended Complaint when the Court expressly denied her leave to do so. (See Dkt. [91] at 22-23 ("Plaintiff is **DENIED** leave to include any other defendants or claims in the Third Amended Complaint.").)

8

dismissed.  <u>See</u>  Local Rule 41.3(A)(2) ("The court may, with or without notice

to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiffs

attorney shall, after notice . . . fail or refuse to obey a lawful order of the court

in the case."); <u>Meduty v. Georgia Dept. of Admin. Servs.</u>, 614 F. App'x 401,

402 (11th Cir. 2015) (holding that the District Court did not abuse its discretion

in *sua sponte* dismissing a Section 1983 action for failure to obey a court order

under Local Rule 41.3(A)(2)); <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir.

1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard

of an order, especially where the litigant has been forewarned, generally is not

an abuse of discretion.").

Although, typically, the Court would grant Plaintiff an additional

opportunity to amend her complaint, it declines to do so in this case for several

reasons.  First, in their brief, Defendants include an entire section arguing that

the Third Amended Complaint "constitutes an impermissibly vague 'shotgun'

pleading and should be dismissed for failure to cure this defect."  (Defs.' Br. in

Supp. of Mot. to Dismiss, Dkt. [93-1] at 16-18.)  There, Defendants identify the

Court's warnings about the proposed Third Amended Complaint's resemblance

to a shotgun pleading and argue that it should be dismissed for failure to heed

those warnings.  Yet Plaintiff fails to respond to this argument at all. It is true that Plaintiff does respond to Defendants' separate argument for dismissal for failure to obey a court order under Rule 41(b), but even there, Plaintiff's response is only a single paragraph that in no way addresses her failure to correct the proposed version of the Third Amended Complaint before submitting it.  (See  Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, Dkt. [96] at 7.)

Second, the Court very explicitly identified the deficiencies in the proposed Third Amended Complaint.  (See Dkt. [91] at 10 n.10 (explaining, with multiple citations, the features of a shotgun pleading and warning that the Court could deny Plaintiff leave to amend on that ground alone).)  Still, Plaintiff failed to remove the features of a shotgun pleading; named Detective Little, a Defendant that the Court denied her leave to include; and raised both the Fourth and Fourteenth Amendment claims against all Defendants.  (See Third Am. Compl., Dkt. [92].)  Because of this, the Court has little confidence that giving Plaintiff another opportunity to amend would cure the problem.

Finally, there is a fine line between providing leniency to one party and causing prejudice to the other.  The Court recognizes that this is the first time

that Plaintiff has filed an amended complaint under current counsel, but this case is now nearly three years old.  With each opportunity to amend, Defendants are forced to incur additional expenses.  In light of the Court's explicit instructions and Plaintiff's failure to follow those instructions, the Court is not inclined to expose Defendants to the costs of another amendment. Therefore, Defendants' Motion to Dismiss [93] is **GRANTED** and Plaintiff's Third Amended Complaint is **DISMISSED** for failure to obey the Court's January Order.

## Conclusion

For the foregoing reasons, Defendants' collective Motion to Dismiss [93] and Defendant Little's separate Motion to Dismiss [94] are both **GRANTED**. The Third Amended Complaint is **DISMISSED** and the clerk is directed to close the case.

**SO ORDERED**, this 1st day of August, 2016.

_____
**RICHARD W. STORY**
United States District Judge

11